UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GRAMERCY INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>v.<br><br>WESTERN SKY TRANSPORTATION INC. and WESTERN SKY, INC.,<br><br>   Defendants. | 2:10-CV-2018 JCM (PAL) |

**ORDER**

Presently before the court is plaintiff Gramercy Insurance Company's motion for default judgment. (Doc. #19).

Plaintiff filed its complaint on November 17, 2010 (doc. #1), against Western Sky Transportation, Inc. and Western Sky, Inc., seeking a judgment from the court declaring "that the policy issued to [defendant] Western Sky is rescinded and void *ab initio*," or alternatively, declaring "that the policy does not provide coverage for any claims against or losses incurred by [defendants]." The claims arise out of an insurance policy that was issued to defendant Western Sky on July 28, 2010. (Doc. #18). Plaintiff contends that the insurance policy is void because Western Sky misrepresented its operating location on the application. *Id.* Specifically, the policy itself contained Nevada endorsements and the defendant represented to plaintiff on the declaration page that the garage that houses the insured vehicles was located in Mesquite, Nevada, when in fact it was located in Michigan. *Id.*

**James C. Mahan**
**U.S. District Judge**

1    Plaintiff asserts that it is not licensed in Michigan and "would not have issued the [p]olicy
2 but for the misrepresentation." *Id.* After plaintiff became aware of this misrepresentation, it cancelled
3 the policy on August 26, 2010, and filed the instant action. *Id.* On August 18, 2010, during the
4 coverage period, a truck allegedly owned by Western Sky was involved in a collision which resulted
5 in a fatality to a third party. *Id.* Plaintiff notes that during the time the insurance policy was in effect,
6 no premiums were paid by Western Sky to Gramercy. *Id.*

7    On December 22, 2010, after defendant Western Sky Transportation, Inc. failed to appear in
8 the case, plaintiff filed a motion for entry of clerk's default (doc. #7). Pursuant to Federal Rule of
9 Civil Procedure 55(a), the court entered default against the defendant on January 5, 2011 (doc. #8).
10 Subsequently, on March 18, 2011, plaintiff filed a motion for entry of clerk's default against
11 defendant Western Sky, Inc. (Doc. #13). The court entered default accordingly on March 21, 2011.
12 (Doc. #14).

13 **Motion For Default Judgment**

14    Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment
15 for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by
16 affidavit or otherwise, the clerk must enter the party's default." Federal Rule of Civil Procedure
17 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies
18 to the clerk of the court as required by subsection (a) of this rule." As the court has entered default
19 against the defendants (docs. #8 and #14), the plaintiff's present motion for entry of default judgment
20 is proper. Fed. R. Civ. P. 55(b)(2).

21    In the plaintiff's motion (doc. #19), it asks this court to declare that the policy issued to
22 defendants is "void *ab initio* and is rescinded, that [p]laintiff is not obligated for any potential claim
23 or loss under the [p]olicy, and that [p]laintiff is entitled to seek complete subrogation from
24 [d]efendants for any amounts paid under the policy." Additionally, plaintiff requests attorney fees
25 for the cost of litigation and expended in the collection of the judgment, prejudgment interest on the
26 fees and costs of court, and other relief the court finds appropriate.

27    Pursuant to NRS 687B.110, "[a]ll statements and descriptions in any application for an
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

insurance policy or annuity contract, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall *not prevent a recovery under the policy or contract unless* either: 1. [it is] [f]raudulent; 2. [it is] [m]aterial either to the acceptance of the risk, or to the hazard assumed by the insurer; or 3. [t]he insurer in good faith would...not have issued the policy or contract..." (Emphasis added).

However, under NRS 485.3091(5)(a), which pertains to "every motor vehicle liability policy" regardless of if such provision is contained therein, states that "[t]he liability of the insurance carrier with respect to the insurance required by this chapter becomes *absolute* whenever *injury or damage* covered by the policy occurs." (Emphasis added). Further, under that subsection, "[n]o statement made by the insured or on behalf of the insured...defeats or voids the policy." NRS 485.3091(5)(a).

Here, plaintiff asserts that it "would have not issued the [p]olicy but for the misrepresentations," as it is not licensed to issue insurance policies in Michigan. (Doc. #1). Therefore, the misrepresentation might prevent recovery. NRS 687B.110. However, as there was an accident which caused bodily injury *prior* to the cancellation of the policy, the liability became "absolute," and "[n]o statement," or misstatement in this case, "defeats or voids the policy." NRS 485.3901(5)(a). Thus, the court is inclined to render judgment in plaintiff's favor, but finds the policy void as of August 26, 2010, the date plaintiff cancelled the policy, and not void *ab initio*. Additionally, any request for attorney's fees must be made in accordance with Local Rules 54-1 through 54-16.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Gramercy Insurance Company's motion for default judgment (doc. #19) be, and the same hereby is, GRANTED.

DATED August 1, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -